1

2

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

3

4

5

6

7

8

| | |
|---|---|
| TROY MELNEK, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:23-cv-01303-GMN-MDC |
| vs. | ) |
| | ) **ORDER GRANTING MOTIONS TO** |
| LAS VEGAS METROPOLITAN POLICE | ) **DISMISS** |
| DEPARTMENT, *et. al.*, | ) |
| | ) |
| Defendants. | ) |

9        Pending before the Court is a Motion to Dismiss, or in the alternative, Motion for

10   Summary Judgment, (ECF Nos. 8, 9), filed by Defendants Las Vegas Metropolitan Police

11   Department ("LVMPD") and Joseph Lombardo, (collectively "LVMPD Defendants").  Plaintiff

12   Troy Melnek filed Reponses, (ECF Nos. 12, 13), to which the LVMPD Defendants filed

13   Replies, (ECF Nos. 18, 19).[1]

14        Further pending before the Court is a Motion to Dismiss, (ECF No. 16), filed by

15   Defendants Division of Public and Behavioral Health of the Department of Health and Human

16   Services, Jo Malay, and Cody Phinney, (collectively "DPBH Defendants").  Plaintiff Troy

17   Melnek filed a Response, (ECF No. 17), to which the DPBH Defendants filed a Reply, (ECF

18   No. 26).

19        For the following reasons, the Court **GRANTS** both Motions to Dismiss and **DENIES**

20   the Motion for Summary Judgment as MOOT.

21   **I.        BACKGROUND**

22        Plaintiff spent 82 days in custody after the state court found that he was found

23   incompetent to stand trial. (Compl. ¶¶ 13–14, ECF No. 1).  Plaintiff was charged with

24

25

---

[1] Because the Motion, Response brief, and Reply brief, were docketed twice, the Court will refer to the lowest
ECF number in this Order.

possession of a stolen vehicle and referred to competency court a few months later. (*Id.* ¶¶ 11–12). After Plaintiff was found incompetent to stand trial, the state court filed an order of commitment on June 25, 2022, requiring the Sheriff to convey Plaintiff "forthwith" to the custody of Defendant Administrator of the Division of Public and Behavioral Health of the Department of Health and Human Services ("DPBH"). (*Id.* ¶¶ 13–15). Plaintiff alleges that DPBH had seven days to make a bed available so that he could receive treatment, but DPBH did not timely transfer him to one of the two forensic psychiatric hospitals because the hospitals had reached capacity. (*Id.* ¶¶ 21–23). Due to the shortage of space, Defendant remained at Clark County Detention Center until his transfer in September 2022. (*Id.* ¶ 25).

Plaintiff brings a 42 U.S.C. § 1983 claim against all Defendants for violation of his due process rights. (*Id.* ¶¶ 26–30). The LVMPD Defendants move to dismiss Plaintiff's claim, or in the alternative, move for summary judgment. (ECF Nos. 8, 9). The DPBH Defendants also move to dismiss the claim against them. (ECF No. 16).

## II.        LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

1  reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard

2  "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

3  **III.**      **DISCUSSION**

4       Restorative treatment for incapacitated criminal defendants is a Fourteenth Amendment

5  Due Process right. *See Or. Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003)

6  (holding that incapacitated defendants "have liberty interests in freedom from incarceration and

7  in restorative treatment").  When a court finds a defendant incompetent, "the judge shall order

8  the sheriff to convey the defendant forthwith, together with a copy of the complaint, the

9  commitment and the physicians' certificate, if any, into the custody of the Administrator or the

10  Administrator's designee for detention and treatment at a division facility that is secure." NRS

11  § 178.425(1).  Past consent decrees have interpreted the term "forthwith" to require transport

12  within seven days, and the Nevada Supreme Court held that this seven-day compliance

13  deadline was not arbitrary. *See State HHS, Div. of Pub. & Behavioral Health v. Eighth Jud.*

14  *Dist. Ct.*, 534 P.3d 706, 712 (Nev. 2023).  The LVMPD Defendants and DPBH Defendants

15  move to dismiss Plaintiff's claim against them.  The Court examines each motion in turn.

16       **A. Motion to Dismiss or for Summary Judgment by LVMPD Defendants**

17       The LVMPD Defendants move to dismiss on the grounds that the Complaint fails to

18  include sufficient factual allegations against either Defendant LVMPD or Defendant Former

19  Sheriff Lombardo. (LVMPD Mot. Dismiss 6:18–19, ECF No. 8).  The Court agrees.

20       Plaintiff argues that the Complaint alleges sufficient facts; namely, that the LVMPD

21  Defendants violated their statutory duty by failing to remand and convey him "forthwith" to the

22  DPBH. (Resp. 9:3–11, ECF No. 12).  Plaintiff points to page 4, lines 6 through 21 of his

23  Complaint. (*Id.* 9:6–7).  Lines 6 through 17 describe the requirements of NRS § 178.425(1) but

24  contain no factual allegations regarding what the LVMPD Defendants did or did not do in this

25  case.  Similarly, lines 18 through 21 allege that the Competency Order was filed and served on

the Sheriff, and states that DPBH has a duty to accept detainees, but again lacks any factual allegation regarding the actions or failures of the Sheriff or LVMPD as they pertain to this particular Plaintiff.  As written, Plaintiff's Complaint contains merely a recital of the statute and cause of action, which is insufficient. *See Twombly*, 550 U.S. at 555.

Further, Plaintiff's 42 U.S.C. § 1983 claim against all Defendants alleges violations by DPBH but makes no mention of a violation by the Sheriff or LVMPD. (*See* Compl. ¶¶ 26–30). The Complaint does not allege that the LVMPD Defendants had a statutory duty that was subsequently violated.  Plaintiff's Response includes additional facts and allegations, but "[n]ew averments in a brief cannot cure a complaint's shortcomings." *See Fin. Indem. Co. v. Messick*, 606 F. Supp. 3d 996, 1002 (E.D. Cal. 2022).  Plaintiff's Complaint must include sufficient facts to allow the Court to draw a reasonable inference that LVMPD and the Sheriff are liable for their alleged failure to convey Plaintiff to DPBH.  The Court cannot do so here, and the Court therefore dismisses the claim against the LVPMD Defendants.

The Court must now decide whether to dismiss the claim against the LVMPD Defendants with or without prejudice.  The LVMPD Defendants argue in their Reply that the Court should dismiss the claim against them with prejudice because they are not the proper defendants. (Reply, 5:10–18, ECF No. 18).  They base this argument on a previous District of Nevada case, *Lee v. Williams*. (*Id.*).  Like Plaintiff here, the inmate plaintiff in *Lee* claimed that LVMPD violated his constitutional rights by failing to timely transfer him to a treatment facility after being found incompetent to stand trial. *Lee v. Williams*, No. 2:14-cv-01426-JAD-CWH, 2016 WL 7190536, at *2 (D. Nev. Dec. 12, 2016).  But unlike the inmate Plaintiff in this case, Lee admitted that LVMPD placed him on a waiting list to be transferred, and he only remained at Clark County Detention Center because DPBH was at capacity. *Id.*  Because LVMPD stated it did not have control over the acceptance of patients into the facility, the court

granted summary judgment in favor of LVMPD, noting that it was DPBH, not LVMPD, that had a "duty to accept mentally incapacitated defendants for evaluation and treatment."

The Court does not interpret the *Lee* decision to mean that LVMPD may *never* be the proper defendant in a delayed-transfer case. Rather, LVMPD may not be the proper defendant when they take timely action to screen the inmate and inform DPBH that the inmate is ready for transfer. While DPBH has the duty to accept mentally incapacitated inmates into their facility, the language of the statute also requires the sheriff to take action by conveying the defendant "forthwith . . . into the custody of the Administrator or the Administrator's designee for detention and treatment." *See* NRS § 178.425(1).

As part of their Motion for Summary Judgment, LVMPD submitted the declaration of Aimee Hill, the LVMPD Detention Transition Services Coordinator, which states that Plaintiff was medically screened and cleared to be transferred within five days of their receipt of the court's competency order. (Hill Decl. Ex. A to LVMPD Mot. Dismiss, ECF No. 8-1). But Hill does not state that Plaintiff was promptly placed on a transfer list, like the inmate in *Lee*, nor does she say on which date LVMPD alerted DPBH that Plaintiff had been medically cleared. Thus, without more, the Court is unable to find definitively at this time that LVMPD and the Sheriff are not the proper defendants in this case.[2]

The Court therefore GRANTS the Motion to Dismiss but allows Plaintiff leave to amend his Complaint to remedy the deficiencies identified in this Order. Because the Motion to Dismiss is granted, the Court further DENIES the Motion for Summary Judgment as moot.

///

---

[2] Lastly, the LVMPD Defendants argue they are entitled to qualified immunity. (Mot. Dismiss 7:19–10:27). The qualified-immunity defense is only resolvable at this early stage in the proceedings if the Court "can determine, based on the complaint itself, that qualified immunity applies." *Polanco v. Diaz*, 76 F.4th 918, 925 (9th Cir. 2023) (quoting *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016). Here, without any factual allegations regarding what LVMPD Defendants did or did not do, the Court is unable to determine whether qualified immunity applies.

1

**B. Motion to Dismiss by DPBH Defendants**

2

Plaintiff also brings claims against the Division of Public and Behavioral Health

3

("DPBH"), a state agency, and against DPBH employees Cody Phinney and Jo Malay, acting in

4

the course and scope of their employment. (*See* Compl. ¶¶ 6–8).  The DPBH Defendants make

5

multiple arguments for dismissal.  First, they argue that DPBH and Defendants Phinney and

6

Malay, in their official capacities, are entitled to immunity under the Eleventh Amendment.

7

(DPBH Mot. Dismiss 6:1–7:6, ECF No. 16).  Second, they aver that to the extent the Complaint

8

could be construed as naming Phinney and Malay in their personal capacities, the Complaint is

9

devoid of allegations as to their personal involvement. (*Id.* 5:23–27).  Finally, Defendants argue

10

that if Phinney and Malay are sued in their individual capacities, that they are entitled to

11

qualified immunity. (*Id.* 7:9–9:20).

12

Defendants are correct that DPBH, as a Nevada state agency, is immune from suit for

13

money damages under the Eleventh Amendment.  "[A] suit against a state agency is considered

14

to be a suit against the state, and thus is barred by the Eleventh Amendment." *Shaw v. State of*

15

*California Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 603 (9th Cir. 1986).  Plaintiff's

16

Response does not address the argument that DPBH, a state agency, is immune from suit, and

17

thus the Court GRANTS the Motion to Dismiss as to DPBH.  Under Nevada Local Rule 7-2(d),

18

"The failure of an opposing party to file points and authorities in response to any motion,

19

except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent

20

to the granting of the motion."  This Court's "failure-to-oppose rule does not apply solely to

21

failure to file a physical document, but also . . . failure to assert in an opposition, arguments that

22

oppose those presented in the motion." *Knickmeyer v. Nevada ex re. Eighth Judicial Dist. Ct.*,

23

173 F. Supp. 3d 1034, 1044 (D. Nev. 2016) (citing cases).  It is well-settled law in the District

24

of Nevada that a "party's failure to respond to arguments presented in a motion constitutes

25

consent to granting that motion." *Layton v. Green Valley Village Comm. Ass'n*, No. 2:14-cv-01347, 2022 WL 1748067, at *2 (D. Nev. May 27, 2022).

As to Defendants Phinney and Malay, regardless of whether they were acting in their personal or official capacities, the Court must dismiss Plaintiff's claim against them because the Complaint lacks any factual allegations regarding how they allegedly violated his Fourteenth Amendment right to due process.  A complaint that fails to allege how each defendant was involved in the alleged conduct may violate Rule 8. *See McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996).  The purpose of Rule 8 is "to give the defendant fair notice of the factual basis of the claim[s]" asserted against it. *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 841–42 (9th Cir. 2007).  So, the notice requirement of Rule 8(a)(2) is not met if a complaint "lump[s] together" defendants in one broad allegation. *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988).  Nonetheless, allegations do not automatically fail under Rule 8 if defendants are grouped together as long as the plaintiff identifies "what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole." *In re iPhone Application Litig.*, No. 11–MD–02250–LHK, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011).

In this case, Defendants are correct that the only mention of Phinney and Malay is in the "Parties" section of the Complaint.  The Complaint's cause of action groups the Defendants together without specifying which action was taken by each Defendant. (*See* Compl. ¶¶ 26–30).  Again, Plaintiff adds new factual allegations to his Response brief, but the Court is limited to review only the face the Complaint under Rule 12(b)(6). *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  The claims against Defendants Phinney and Malay are therefore DISMISSED.  As mentioned above, the Court cannot yet determine whether Defendants Phinney and Malay are entitled to qualified immunity because Plaintiff provided no factual allegations against them.

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Because it is not clear that amendment would be futile, the Court GRANTS Plaintiff leave to amend his claim against Defendants LVMPD, Sheriff Lombardo, Phinney, and Malay.

**V.     CONCLUSION**

**IT IS HEREBY ORDERED** that the LVMPD Defendants' Motion to Dismiss, (ECF No. 8), is **GRANTED.**

**IT IS FURTHER ORDERED** that the LVMPD Defendants' Motion for Summary Judgment, (ECF No. 9), is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the DPBH Defendants' Motion to Dismiss, (ECF No. 16), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff may have 21 days from the date of this Order to file an Amended Complaint against Defendants LVMPD, Sheriff Lombardo, Phinney, and Malay.

**DATED** this __10__ day of May, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

Page 8 of 8