UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Troy Melnek,<br>    Plaintiff,<br>vs.<br>LVMPD, et al.,<br>    Defendant(s). | 2:23-cv-01303-GMN-MDC<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND WITHOUT PREJUDICE (ECF NO. 56)** |

  The deadline to amend pleadings passed on October 14, 2024. ECF No. 48. The plaintiff filed his *Motion for Leave to Amend the Complaint* ("Motion")(ECF No. 56) a day late on October 15, 2024. ECF No. 56. Plaintiff does not address the standard for the missed deadline in his Motion. The Court denies plaintiff's Motion without prejudice.

I. DISCUSSION

  When the deadline for amending pleadings under a scheduling order has passed, the court's analysis must start with Rule 16(b). See *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (court correctly applied Rule 16(b) because time to amend pleadings lapsed before party moved to amend); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (analysis begins with Rule 16(b) once deadline to amend pleadings has passed). Unlike Rule 15(a)'s "liberal amendment policy[,] . . . Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), aff'd sub nom. *Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373, 135 S. Ct. 1591, 191 L. Ed. 2d 511 (2015) (internal quotations and citations omitted). Under Local Rule 26-3, any request made to extend a deadline after that deadline expired must demonstrate that the failure to act was the result of excusable neglect.

  This case was consolidated with another case on August 15, 2024, which suggests that an

amendment may be appropriate in this case. Plaintiff, however, does not raise or address Rule 16(b), despite the Ninth Circuit case law on this point. The plaintiff had two months between consolidation and the October 14, 2024, amendment deadline. Plaintiff also does not attempt to demonstrate excusable neglect in his Motion. Because plaintiff failed to meet his burdens and make the requisite showing, the Court denies his Motion without prejudice.

**IT IS ORDERED that** plaintiff Troy Melnek's *Motion for Leave to Amend the Complaint* (ECF No. 56) is DENIED WITHOUT PREJUDICE.

Dated: November 8, 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge