UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TROY MELNEK,

             Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et. al.*,

             Defendants.

Case No.: 2:23-cv-01303-GMN-MDC

**ORDER ON MOTIONS TO DISMISS**

Pending before the Court are three Motions to Dismiss. One of the Motions to Dismiss, (ECF No. 32), is filed by Defendants Las Vegas Metropolitan Police Department ("LVMPD") and Joseph Lombardo, (collectively "LVMPD Defendants"). Two of the Motions to Dismiss (ECF Nos. 33, 50) are filed by Defendants Division of Public and Behavioral Health of the Department of Health and Human Services, Jo Malay, and Cody Phinney, (collectively "DPBH Defendants"). Plaintiff Troy Melnek filed Responses, (ECF Nos. 35, 38, 51), and the Defendants filed Replies (ECF No. 39, 40, 55).

For the following reasons, the Court **DENIES** the LVMPD Defendants' Motion to Dismiss, (ECF No. 32), and **GRANTS** the DPBH Defendants' Motions to Dismiss, (ECF Nos. 33, 50).

I.       <u>**BACKGROUND**</u>

This case arises out of Defendants' alleged failure to timely transfer Plaintiff to a psychiatric hospital after he was found incompetent to stand trial in state court. (*See generally* First Am. Compl. ("FAC"), ECF No. 31). The state court filed an Order of Commitment on June 25, 2022, requiring the Sheriff to convey Plaintiff "forthwith" to the custody of DPBH Defendants. (*Id.* ¶¶ 13–15). Plaintiff alleges that DPBH had seven days to make a bed available so that he could receive treatment, but Defendants did not timely transfer him from

the Clark County Detention Center to one of the two forensic psychiatric hospitals. (*Id.* ¶¶ 19–25). Plaintiff thus remained in custody for 82 days before being transferred. (*Id.* ¶¶ 13–14).

The Court granted the Defendants' first Motions to Dismiss but provided Plaintiff with 21 days to file an Amended Complaint against Defendants LVMPD, Sheriff Lombardo, Phinney, and Malay. (*See generally* Order Granting Mots. Dismiss, ECF No. 30). Plaintiff filed the FAC, alleging a Fourteenth Amendment Due Process violation brought under 42 U.S.C. § 1983 against Defendants, and Defendants again filed Motions to Dismiss, (ECF Nos. 32–33).[1]

After those motions were fully briefed, the Court ordered this case to be consolidated with 2:24-cv-01271-CDS-MDC because Plaintiff brought two cases against the same Defendants for the same incident. (*See generally* Consolidation Order, ECF No. 45). In the case that was consolidated with this one, 2:24-cv-01271-CDS-MDC, Plaintiff brought four claims against all Defendants: (1) a Due Process violation pursuant to the Fourteenth Amendment and the Nevada Constitution for failure to make a bed available, (2) a Cruel and Unusual Punishment violation, (3) a Due Process violation pursuant to the Fourteenth Amendment and the Nevada Constitution for failure to convey Plaintiff for treatment, and (4) an Equal Protection violation pursuant to the Fourteenth Amendment and the Nevada Constitution. The DPBH Defendants moved to dismiss the Complaint filed in that case. (Second DPBH Mot. Dismiss, ECF No. 50). Plaintiff also filed a Motion for Leave to Amend his Complaint, (ECF No. 56), which the Magistrate Judge denied without prejudice, (ECF No. 60). The Court will thus resolve the two pending Motions to Dismiss the FAC in this case and the Motion to Dismiss the Complaint filed in the closed consolidated case.

---

[1] Paragraph 1 of Plaintiff's FAC, under the "Jurisdiction" heading, states that the Court also has supplemental jurisdiction over Plaintiff's state law claims for breach of contract, negligent infliction of emotional distress, and intentional infliction of emotional distress. (FAC ¶ 1). However, the claims are never mentioned again, and Plaintiff's Response brief does not dispute Defendants' argument that they should be dismissed. These claims are thus DISMISSED with leave to amend.

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## III. DISCUSSION

Restorative treatment for incapacitated criminal defendants is a Fourteenth Amendment Due Process right. *See Or. Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003) (holding that incapacitated defendants "have liberty interests in freedom from incarceration and in restorative treatment"). When a court finds a defendant incompetent, "the judge shall order the sheriff to convey the defendant forthwith, together with a copy of the complaint, the commitment and the physicians' certificate, if any, into the custody of the Administrator or the Administrator's designee for detention and treatment at a division facility that is secure." NRS 178.425(1). The Court begins with the Motion to Dismiss filed by the LVMPD Defendants.

### A. Motion to Dismiss by LVMPD Defendants (ECF No. 32)

In the Court's first Order granting dismissal of the LVMPD Defendants, the Court found that the Complaint lacked factual allegations regarding the LVMPD Defendants and made no

mention of a violation by them. (Order Granting Mots. Dismiss 3:17–4:13). The LVMPD Defendants argued that they should be dismissed *with* prejudice because, as part of their Motion for Summary Judgment, they attached the declaration of their LVMPD Detention Transition Services Coordinator who stated that Plaintiff was medically screened and cleared within five days of the Court's competency order. (*Id.* 5:10–17). But because she did not clarify that Plaintiff was timely placed on a transfer list, or on which date LVMPD alerted DPBH that Plaintiff had been medically cleared, the Court was unable to determine that the LVMPD Defendants were not the proper defendants in this case or grant summary judgment. (*Id.*). Thus, the Court granted dismissal with leave to amend. (*Id.* 5:18–20).

      In the FAC, Plaintiff now alleges that the LVMPD Defendants had a duty to transfer him "forthwith" to a psychiatric hospital, and that they breached this duty by causing him to remain incarcerated at Clark County Detention Center for 82 days. (FAC ¶¶ 13–16). He also alleges that upon receipt of the competency order, Defendants have a duty to review an inmate's information and direct them to one of two facilities. (*Id.* ¶ 22). The LVMPD Defendants now move for dismissal based on a different attached Declaration stating that Plaintiff was placed on a waitlist to be transferred, and that they promptly notified DPBH of Plaintiff's status only three days after receiving notice of the Competency Order. (*See generally* LVMPD Mot. Dismiss, ECF No. 32).

      As Plaintiff points out, however, the LVMPD Defendants are currently moving to dismiss, not moving for summary judgment. The LVMPD Defendants previously moved for both dismissal and summary judgment. Review on a motion pursuant to Rule 12(b)(6) is normally limited to the complaint itself. *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). It would be improper for the Court to consider the attached Declaration and additional evidence without converting this motion to dismiss into a motion for summary judgment and giving Plaintiff an opportunity to respond. *See United States v. Ritchie*, 342 F.3d 903, 909 (9th

Cir. 2003). Plaintiff also requests additional discovery to assess whether the assertions made in the Declaration are true. (Resp. to LVMPD Mot. Dismiss 12:14–20, ECF No. 35). As of the time Plaintiff filed his Response brief, he still had six and a half months left until the close of discovery on January 13, 2025. The Court finds this request to be reasonable and thus DENIES the LVMPD Defendants' Motion to Dismiss but notes that the LVMPD Defendants may move for summary judgment at the appropriate time and again provide the evidence attached to their Motion to Dismiss and Reply briefs.

**B. Motions to Dismiss by DPBH Defendants (ECF Nos. 33, 50)**

The DPBH Defendants move to dismiss Plaintiff's Section 1983 claim for a Fourteenth Amendment Due Process violation against DPBH because the Court has already dismissed it with prejudice. (DPBH First Mot. Dismiss 2:10–12, ECF No. 33). They also move to dismiss the claim against Defendants Malay and Phinney in their official capacities and argue that it is barred as a claim for money damages against the State. (*Id.* 2:10–17). And in their second Motion to Dismiss the Complaint in the case previously assigned to Judge Silva, they argue that the Complaint fails to specify factual allegations against DPBH, Phinney, or Malay. (*See generally* DPBH Second Mot. Dismiss, ECF No. 50).

Defendants are correct that the Court previously dismissed DPBH, a Nevada state agency, because it is immune from a suit for money damages pursuant to the Eleventh Amendment. (Order Granting Mots. Dismiss 6:12–7:2). Because Plaintiff did not address Defendant's dismissal argument in his Response brief, and because he requests monetary relief in the FAC, the Court dismisses the Section 1983 claim against DPBH with prejudice.

The Court also previously dismissed the claim against Phinney and Malay with leave to amend because although they were mentioned in the "Parties" section of the Complaint, Plaintiff did not include any factual allegations regarding how they allegedly violated his right to due process. (Order Granting Mots. Dismiss 7:3–25). Plaintiff amended his Complaint to

allege that Defendants Phinney and Malay, along with the other Defendants, failed to make a bed available within seven days of the state court's incompetency order. (*See generally* FAC).

Defendants move to dismiss the claim brought against them in their official capacities. (DPBH First Mot. Dismiss 6:6–7:15). State officials sued for money damages in their official capacities are not 'persons' within the meaning of § 1983, because the suit is no different than a suit against the state, and thus barred by the Eleventh Amendment. *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Plaintiff does not refute this, but rather clarifies that he is bringing his claim against Phinney and Malay in their *individual* capacities. (*See* Resp. to DPBH First Mot. Dismiss 9:26–10:28).

However, as Defendants point out in both Motions to Dismiss, Plaintiff still fails to allege specific facts as to how Phinney and Malay were involved in the violation of his rights. He broadly lumps together all Defendants, stating that they failed to transfer or accept him into the medical facility, but this does not satisfy the notice requirement of Rule 8. As the Court explained in its previous order, a complaint which "lump[s] together . . . multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2)." *Gen–Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996) (citing *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988)). If Plaintiff wishes to include Phinney and Malay in this suit, he must specifically identify "what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole." *In re iPhone Application Litig.*, No. 11–MD–02250–LHK, 2011 WL 4403963, at *3 (N.D. Cal. Sept. 20, 2011)). Currently, the only allegation in the FAC specific to Phinney and Malay is their job title at DPBH. Simply being employed by DPBH, without more, is not a sufficient basis on which to premise the claim on. The Court thus DISMISSES Phinney and Malay but provides one more opportunity for Plaintiff to file a Second Amended Complaint specifying their

violative conduct in this suit, in their individual capacity, without lumping them together with all other Defendants.

Lastly, the DPBH Defendants argue that Plaintiff failed to state a claim for cruel and unusual punishment or an equal protection violation in the Complaint he filed in the closed and consolidated case previously before Judge Silva. (DPBH Second Mot. Dismiss 6:8–9:9). That Complaint suffers from the same deficiency as the FAC in this case. Plaintiff's factual allegations lump all Defendants together, and these two additional causes of action include no supplementary facts to support them. Therefore, the Court also DISMISSES these claims but allows Plaintiff leave to amend to include additional facts.

## V.     CONCLUSION

**IT IS HEREBY ORDERED** that the LVMPD Defendants' Motion to Dismiss, (ECF No. 32), is **DENIED.**

**IT IS FURTHER ORDERED** that the DPBH Defendants' Motions to Dismiss, (ECF Nos. 33, 50), are **GRANTED**. The Section 1983 claim against DPBH is DISMISSED, with prejudice. The Section 1983 claim against Phinney and Malay in their official capacity is DISMISSED, with prejudice. However, the Section 1983 claim against Phinney and Malay in their individual capacity is DISMISSED, without prejudice and with leave to amend.

Plaintiff's state law claims for breach of contract, negligent infliction of emotional distress, and intentional infliction of emotional distress are DISMISSED, with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Additional Discovery, (ECF No. 52), is **DENIED AS MOOT** because the Court is permitting Plaintiff to file a Second Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff may have 21 days from the date of this Order to file a Second Amended Complaint including all claims he wishes to assert against Defendants LVMPD, Sheriff Lombardo, and DPBH employees Phinney and Malay in their

individual capacities.  Plaintiff is reminded that any claims originally asserted June 2024 in the state court case A-24-895306-C which was removed to federal court, assigned to Judge Silva as 2:24-cv-01271, and consolidated into this case must be replead in the Second Amended Complaint or else be considered waived.

**DATED** this ___15___ day of January, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT