UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Troy Melnek,<br><br>                    Plaintiff(s),<br>vs.<br><br>Las Vegas Metropolitan Police Department, et al.,<br><br>                    Defendant(s). | 2:23-cv-01303-GMN-MDC<br><br>**ORDER GRANTING MOTION TO AMEND COMPLAINT (ECF NO. 83)** |

Plaintiff Troy Melnek filed a *Motion for Leave to Amend the Complaint* ("Motion") (ECF No. 83). The Court GRANTS the Motion.

**I.  BACKGROUND**

This is a prisoner civil rights case: defendants allegedly failed to transfer plaintiff to a psychiatric hospital after he was found incompetent to stand trial. ECF No. 71.  The plaintiff timely filed the Motion before the deadline to amend pleadings. See ECF No. 81 at 3 ("The parties have until Tuesday, May 20, 2025, to file any motions to amend the pleadings or to add parties."). Plaintiff argues that he is promptly seeking to amend after learning new information in discovery. *Id.* Plaintiff seeks to add an additional defendant after learning new facts in a deposition, amend the caption to remove defendants, and clarify plaintiff's *Monell*[1] allegations. ECF No. 83. The defendants[2] argue that the proposed amendment is futile. ECF Nos. 84 and 85. Plaintiff argues that the amendment request is timely and is not futile. ECF Nos. 86 and 87.

//

---

[1] *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), which allows for certain entities and officials to be sued under 42 U.S.C. § 1983 for constitutional violations resulting from their policies, practices, or customs.

[2] The Attorney General also argues, erroneously, that the plaintiff missed the deadline to amend. The Court assumes that the AG mistakenly looked at a prior scheduling order when making this argument.

## II. DISCUSSION

### A. Legal Standard

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

"Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 U.S. Dist. LEXIS 141867, 2015 WL 6123202, at 2 (D. Nev. Oct. 16, 2015); citing to *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

### B. Analysis

The Court finds that there is no bad faith here. The plaintiff diligently and timely sought leave to amend after learning facts to identify the new defendant and to clarify the *Monell* allegations in discovery. Plaintiff filed his motion to amend long before the deadline for amending the complaint. The defendants will not be prejudiced by the amendment because the allegations regarding the new defendant and to clarify the *Monell* allegations are closely related to the claims in the operative complaint. Ruling on futility at this stage is rare, and this case is not one of the rare cases that requires a ruling on futility. The defendants' futility arguments would be better addressed through a motion to

dismiss or for summary judgment, given that the allegations and the inclusion of the new defendant are reasonably related to plaintiff's original claims.

Plaintiff Melnek has shown good cause to amend the complaint.

**IT IS ORDERED that:**

1. Plaintiff's *Motion for Leave to Amend the Complaint* (ECF No. 83) is GRANTED.

2. Plaintiff MUST file the amended complaint on the docket **within one week of this order.**

DATED: April 21, 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge