**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TROY MELNEK,

                Plaintiff,

    vs.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, *et al.*,

          Defendants.

Case No.: 2:23-cv-01303-GMN-MDC

**ORDER GRANTING, IN PART, AND
DENYING, IN PART, MOTION TO
DISMISS**

Pending before the Court are the Motion to Dismiss, (ECF No. 91), and Motion for Summary Judgment, (ECF No. 92), filed by Defendants Las Vegas Metropolitan Police Department ("LVMPD") and Joseph Lombardo. Plaintiff Troy Melnek filed Responses to both Motions, (ECF Nos. 96, 97), and Defendants filed a Reply to both, (ECF Nos. 99, 100).[1] Further pending before the Court is Defendants' Motion to Strike Errata, (ECF No. 128). Plaintiff filed a Response, (ECF No. 129), to which Defendants filed a Reply, (ECF No. 130).

For the reasons discussed below, the Court GRANTS, in part, and DENIES, in part, Defendants' Motion to Dismiss, and DENIES Defendants' Motion for Summary Judgment and Motion to Strike as moot.

**I.**    **BACKGROUND**

This case arises out of Defendants' alleged failure to timely transfer Plaintiff to a psychiatric hospital after he was found incompetent to stand trial in state court. (*See generally* Third Am. Compl. ("TAC"), ECF No. 90). The state court filed an Order of Commitment on June 25, 2022, requiring the Sheriff to convey Plaintiff "forthwith" to the custody of the

---

[1] Defendants' Motion to Dismiss and Motion for Summary Judgment, while styled as independent motions, are identical. Thus, Plaintiff's Responses and Defendants' Replies are also identical. For clarity, the Court will refer to ECF No. 96 when referring to Plaintiff's Response, and ECF No. 99 when referring to Defendants' Reply.

Nevada Division of Public and Behavioral Health ("DPBH") to receive prompt restorative treatment. (*Id.* ¶¶ 19–36). Plaintiff alleges that Defendants had seven days to make a bed available so that he could receive treatment, but Defendants did not timely transfer him from the Clark County Detention Center to one of the two available forensic psychiatric hospitals. (*Id.* ¶ 37). Plaintiff thus remained in custody for 82 days before being transferred. (*Id.* ¶ 38).

This is the third Motion to Dismiss that the Court has addressed. The Court granted the Defendants' first Motions to Dismiss but provided Plaintiff with 21 days to file an Amended Complaint against Defendants LVMPD, Sheriff Lombardo, Cody Phinney, and Jo Malay. (*See generally* Order Granting Mots. Dismiss, ECF No. 30). Plaintiff thereafter filed a First Amended Complaint, alleging a Fourteenth Amendment Due Process violation brought under 42 U.S.C. § 1983 against all Defendants, and Defendants again filed Motions to Dismiss, (ECF Nos. 32–33).

The Court converted the Motion to Dismiss filed by Defendants Lombardo and LVMPD, (ECF No. 32), into a motion for summary judgment because Defendants asked the Court to consider external evidence not included within the pleadings. (Order on Mots. Dismiss 4:23–25, ECF No. 69). However, because Plaintiff requested additional discovery to respond to Defendants' allegations, the Court denied Defendant Lombardo and LVMPD's Motion to Dismiss. (*Id.* 5:4–7). The Court granted the Motion to Dismiss filed by Defendants DPBH, Phinney, and Malay, (ECF No. 33), and dismissed all claims against Defendant DPBH with prejudice. (*Id.* 5:17–21). The Court also dismissed Plaintiff's § 1983 claim against Phinney and Malay in their official capacities with prejudice, but granted Plaintiff leave to amend his § 1983 claim against Phinney and Malay in their individual capacities. (*Id.* 6:3–7:9).

Plaintiff thereafter filed a Second Amended Complaint ("SAC"), (ECF No. 71), alleging (1) a Due Process violation under the Fourteenth Amendment and Article 1, § 8 of the Nevada Constitution, (2) a Cruel and Unusual Punishment violation under the Fourteenth Amendment

and Article 1, § 6 of the Nevada Constitution, (3) an Equal Protection violation under the Fourteenth Amendment and Article 1, § 24 of the Nevada Constitution, and (4) a 42 U.S.C. § 1983 claim for deliberate indifference to serious medical needs. (SAC ¶¶ 158–282, ECF No. 71). Plaintiff then filed a Stipulation to Dismiss, (ECF No. 77), which this Court granted, agreeing to dismiss all claims for money damages against DPBH, and all claims for money damages against Defendants Phinney and Malay in their official capacities. (Order on Stipulation 3:12–22, ECF No. 79).

Plaintiff then filed the TAC, bringing the following claims against LVMPD and Lombardo: (1) a Due Process violation under the Fourteenth Amendment and Article 1, § 8 of the Nevada Constitution, (2) a Cruel and Unusual Punishment violation under the Fourteenth Amendment and Article 1, § 6 of the Nevada Constitution, (3) an Equal Protection violation under the Fourteenth Amendment and Article 1, § 24 of the Nevada Constitution, (4) a 42 U.S.C. § 1983 claim for deliberate indifference to serious medical needs, and (5) a 42 U.S.C. § 1983 claim for municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). (*Id.* ¶¶ 158–290).

## II.   <u>LEGAL STANDARD</u>

Dismissal is appropriate under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, FRCP 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   DISCUSSION

Defendants move to dismiss all of Plaintiff's claims against them, or, in the alternative, move for summary judgment. (Mot. Dismiss 2:6–7, ECF No. 91).  The Court begins by addressing Defendants' Motion to Dismiss.[2]

### A. Defendants' Motion to Dismiss

Defendants make the following arguments in their Motion to Dismiss: (1) Defendant Lombardo should be dismissed because the TAC fails to allege any personal involvement that Defendant Lombardo had in the delay of Plaintiff's transfer, (2) all individual Defendants are entitled to qualified immunity, and (3) Plaintiff fails to state a claim for municipal liability against Defendant LVMPD. (Mot. Dismiss 9:2–17:12).  The Court addresses each in turn.

///

---

[2] In addressing the Motion to Dismiss, the Court will not consider any of the Exhibits attached by either Plaintiff or Defendants, as they all fall outside of Plaintiff's TAC.  *See* Fed. R. Civ. P. 12(d); *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003).

### 1. Defendant Lombardo

Defendants argue that Defendant Lombardo should be dismissed with prejudice because Plaintiff fails to allege any personal participation by Lombardo in the alleged deprivation of Plaintiff's rights. (Mot. Dismiss 9:26–28).  Plaintiff does not directly address this argument in response, instead arguing generally that he has stated a claim for relief against all Defendants. (*See generally* Resp., ECF No. 96).

As Defendants point out, there is no *respondeat superior* theory under § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437–38 (9th Cir. 1993).  In enacting § 1983, Congress did not intend to "impose liability vicariously on [employers or supervisors] solely on the basis of the existence of an employer-employee relationship" with a constitutional tortfeasor. *Monell*, 436 U.S. at 692.  Consequently, to state a claim for relief under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's *own individual actions*, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added).

Here, Plaintiff's TAC fails to allege specific facts that show Lombardo was involved in the violation of his rights.  The TAC largely lumps Lombardo and LVMPD together, referring to both Defendants when alleging facts showing that Plaintiff's rights were violated. (*See generally* TAC).  The only allegations in the TAC specific to Lombardo relate to his job title, the capacity in which he is sued, his experience with detainees, and his knowledge of state laws. (*Id.* ¶¶ 5–6, 92–93, 167–68).  The TAC is silent with respect to any "individual actions" taken by Defendant Lombardo which caused the alleged violation of Plaintiff's rights.

The Court thus GRANTS Defendants' Motion to Dismiss Plaintiff's claims against Defendant Lombardo.[3]  However, because amendment would not be futile, the Court grants Plaintiff leave to amend this claim.

---

[3] Because the Court dismisses Defendant Lombardo, the only remaining individual Defendant in this case, it need not consider Defendants' argument that any individual Defendants are entitled to qualified immunity. (Mot. Dismiss 10:13–14:16).

### 2.  Defendant LVMPD

Defendants next argue that Defendant LVMPD should be dismissed because (1) it is not the proper defendant in this matter, and (2) Plaintiff has failed to state a claim for municipal liability under § 1983. (Mot. Dismiss 12:6–13:20, 14:19–17:12).  The Court addresses each argument in turn.

Defendants first argue that LVMPD is not the proper defendant in this matter because it did not bear the duty of ensuring that Plaintiff was transferred to an appropriate facility under *Lee v. Williams*, a previous District of Nevada case. (*Id.* 12:19–27).  The plaintiff in *Lee* similarly claimed that LVMPD violated his constitutional rights by failing to timely transfer him to an appropriate treatment facility upon being found incompetent to stand trial. *Lee v. Williams*, No. 2:14-cv-01426-JAD-CWH, 2016 WL 7190536, at *2 (D. Nev. Dec. 12, 2016).  However, the *Lee* court concluded that LVMPD was not the proper defendant because the plaintiff had admitted in his amended complaint that LVMPD placed him on a wait list for transfer, and thus the plaintiff only remained at CCDC because DPBH was at capacity. *Id.* Here, the TAC makes no such admission. (*See generally* TAC).[4]

As the Court previously explained, *Lee* does not stand for the proposition that LVMPD may *never* be the proper defendant in a delayed-transfer case, but that "LVMPD may not be the proper defendant when they timely take action to screen the inmate and inform DPBH that the inmate is ready for transfer." (Order on Motions to Dismiss 5:3–6).  Here, Plaintiff has not admitted in his TAC that Defendants placed him on a wait list for transfer, and thus *Lee* does not compel the dismissal of LVMPD.

Defendants next argue that Plaintiff has failed to plead sufficient factual allegations to state a plausible claim for municipal liability under § 1983. (Mot. Dismiss 14:19–17:12).  A

---

[4] While Defendants attach a Declaration to their Motion to Dismiss asserting that Plaintiff was placed on a wait list, (Decl. of Aimee Hill ¶ 16, Ex. A to Mot. Dismiss, ECF No. 91-1), the Court cannot consider materials outside the pleadings at the motion to dismiss stage. Fed. R. Civ. P. 12(d).

local government may be held liable under § 1983 under three possible theories. *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 802–03 (9th Cir. 2018).  First, a local government may be liable if "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflict[ed] the injury." *Monell*, 436 U.S. at 694.  Second, a local government can fail to train employees in a manner that amounts to "deliberate indifference" to a constitutional right, such that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). Third, a local government may be held liable if "the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097 (9th Cir. 2013) (internal quotation marks and citation omitted).

Under any of these theories, a plaintiff must show that he possessed a constitutional right of which he was deprived. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).  As an initial matter, the Court finds that Plaintiff has a constitutional right to receive prompt restorative treatment to attain competence to assist in the defense of his criminal case. *See Oregon Advoc. Ctr. v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003) (holding that incapacitated defendants "have liberty interests in freedom from incarceration and in restorative treatment"). The TAC alleges that Plaintiff was deprived of this right when he remained detained at CCDC for 82 days after being found incompetent. (TAC ¶ 38).

Here, Plaintiff invokes two theories of municipal liability under § 1983.  He alleges that Defendant LVMPD is liable under § 1983 because it (1) maintained a custom of denying medical care to inmates, and (2) failed to train its deputies and medical staff regarding treatment of inmates. (TAC ¶ 286).

### i. Policy or Custom

The first path for *Monell* liability requires a plaintiff to show that the alleged constitutional violation was caused by a policy or custom of the municipality. *Monell*, 436 U.S. at 694. A "custom must be so 'persistent and widespread' that it constitutes a 'permanent and well settled . . . policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (quoting *Monell*, 436 U.S. at 691)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino*, 99 F.3d at 918. "A custom or practice can [also] be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded." *Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1233–34 (9th Cir. 2011) (alteration in original).

Here, taking the TAC's factual allegations as true, Plaintiff has sufficiently alleged a claim to relief for municipal liability under the first theory. The TAC is replete with allegations that LVMPD followed a policy of not timely transporting pretrial detainees to appropriate treatment facilities. (*See, e.g.*, TAC ¶¶ 70–71, 286–87). The TAC also plausibly pleads that this policy amounts to a longstanding practice, alleging multiple lawsuits and motions to dismiss criminal cases filed "over the past ten years" by detainees whose restorative treatment was delayed. (*Id.* ¶¶ 76–77).

### ii. Failure to Train

To impose liability on a local government for failure to adequately train its employees, a plaintiff must show that the municipality exhibited deliberate indifference to the violation of their federally protected rights. *Hyun Ju Park v. City and Cnty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020) (citing *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012)). To show deliberate indifference, a plaintiff can must demonstrate that the need "'for more or

different' action 'is so obvious, and the inadequacy [of existing practice] so likely to result in the violation of constitutional rights, that the policymakers" of the entity can reasonably be said to have been deliberately indifferent to that need. *Id.* (citing *City of Canton*, 489 U.S. at 390).

Here, Plaintiff has also sufficiently alleged a claim to relief for municipal liability under a failure to train theory. The TAC alleges that LVMPD's failure to train deputies and medical staff regarding treatment of inmates resulted in frequent delays in transfer of inmates to appropriate care facilities. (TAC ¶¶ 286, 74–75). Moreover, the TAC alleges that LVMPD policymakers knew that such delays would result in a violation of constitutional rights. (*Id.* ¶¶ 41, 88, 168). More still, the TAC alleges that several lawsuits had been filed against LVMPD by detainees whose restorative treatment was delayed. (TAC ¶¶ 76–77). Thus, the Court finds that Plaintiff has plausibly alleged that the need for more or different training of deputies and medical staff regarding treatment of detainees was obvious, and the inadequacy of existing training so likely to result in the violation of constitutional rights that it amounted to deliberate indifference. Thus, Plaintiff has stated a claim for municipal liability under a failure to train theory.

Accordingly, the Court DENIES Defendants' Motion to Dismiss this claim.

### 3. Plaintiff's First, Second, and Third Claims

Newly alleged in Plaintiffs' Second and Third Amended Complaints are his first, second, and third claims, which assert violations of the Fourteenth Amendment and the Nevada Constitution. (*Id.* ¶¶ 158–260).[5] The Court notes that Plaintiff "has no cause of action directly under the United States Constitution." *Azul-Pacifico. Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). Instead, "a litigant complaining of a violation of a constitutional right

---

[5] Defendants do not move to dismiss these claims, instead directing their Motion towards Plaintiff's § 1983 claims. (*See generally* Mot. Dismiss). However, a court may dismiss a claim *sua sponte* under FRCP 12(b)(6) when it is clear that a plaintiff has not stated a claim upon which relief can be granted. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

must utilize 42 U.S.C. § 1983." *Id.* (citations omitted).  The Court accordingly DISMISSES Plaintiff's First, Second, and Third claims with respect to alleged violations of his Fourteenth Amendment rights.  Those claims may proceed only with respect to violations of the Nevada Constitution. *See Mack v. Williams*, 522 P.3d 434, 441–42 (Nev. 2022) (explaining that some provisions of the Nevada Constitution give rise to a direct cause of action).  However, the Court grants Plaintiff leave to amend to reallege these violations of the Fourteenth Amendment using § 1983.

### B.  Defendants' Motion for Summary Judgment

Because the Court partially grants Defendants' Motion to Dismiss and gives Plaintiff leave to amend, the Court further DENIES Defendant's Motion for Summary Judgment as moot.

### C.  Defendants' Motion to Strike

The Court next turns to Defendants' Motion to Strike Errata.  Plaintiff filed an Errata, (ECF No. 125), to his Response to Defendants' Motion to Dismiss and Motion for Summary Judgment, explaining that Plaintiff had inadvertently failed to attach an additional exhibit to that Response. (Errata 1:23–28, ECF No. 125).  Defendants argue that the Errata must be stricken because it includes a substantive argument not included within the body of Plaintiff's initial Response. (Mot. Strike 2:12–16, ECF No. 128).  However, because the Court declined to consider materials outside of the pleadings when addressing the Motion to Dismiss, the Court DENIES Defendants' Motion to Strike as moot.

## IV.　CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 91), is **GRANTED, in part, and DENIED, in part.**

**IT IS FURTHER ORDERED** that the following claims are **DISMISSED** with leave to amend: Plaintiff's § 1983 claim against Defendant Lombardo, and Plaintiff's First, Second, and

Third claims with respect to violations of the Fourteenth Amendment.  If Plaintiff chooses to file an amended complaint, he has 21 days from the date of this Order to do so.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment, (ECF No. 92), is **DENIED without prejudice as moot.**  Defendants are granted leave to file another Motion for Summary Judgment no later than 30 days after Plaintiff's deadline to file an amended complaint, regardless of whether Plaintiff chooses to file an amended complaint.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Errata, (ECF No. 128), is **DENIED as moot.**

**DATED** this _23_ day of March, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court